# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSETTS

Life Without Laundry, LLC
Plaintiff,

v.

Rinse, Inc.
Defendant.

Civil Action No. __1:25-cv-12339__

---

## COMPLAINT

---

Plaintiff, Life Without Laundry, LLC ("Life Without Laundry"), brings this action against defendant, Rinse, Inc. ("Rinse") for, *inter alia*, trademark infringement, false advertising and unfair competition under Mass. Gen. Laws ch. 93A. By this Complaint, Life Without Laundry seeks, *inter alia*, preliminary and permanent injunctive relief, actual damages, profits, trebled damages, exemplary damages, attorneys' fees and costs, and alleges as follows:

## INTRODUCTION

Life Without Laundry is a laundry and dry cleaning delivery service which originated in Boston, Massachusetts. It is a direct competitor to defendant Rinse. Rinse grew its laundry and dry cleaning delivery service though use of unfair business practices and infringement. Specifically, Rinse engaged in a thorough and deceptive marketing and advertising campaign based on it purportedly picking up and delivering dry cleaning for delivery customers at their

purported favorite laundromat or dry cleaner.  In fact, Rinse worked with very few of those laundromats and dry cleaners, but used their names on its website to suggest that pick up and deliveries would occur at a customer's favorite service provider.

Rinse's website had pages identifying regions of Boston and other cities and listing all dry cleaners and laundromats in the city and outlying areas.  A customer would go to a competitor's subpage on the Rinse website and click a deceptive "arrange pickup" button which only engaged Rinse, and (with a few exceptions) did not deliver to or pickup from the local laundromat or dry cleaner identified by their registered or common law marks.

Once a customer clicked "arrange pickup" for a particular laundromat or dry cleaner, they would be asked to sign up on Rinse's phone application, so all repeat delivery business intended for the customer's favorite laundromat and dry cleaner would be misdirected to Rinse going forward.

Rinse even engaged in public relations efforts to market and advertise it 'saving' mom-and-pop laundromats and service providers like those owned by the parents of Rinse founder Ajay Prakash.  Meanwhile, Rinse was commandeering the goodwill of mom-and-pop stores Mr. Prakash claimed to care about so much.

In the process, Rinse was greatly harming their mom-and pop competitors' reputations by providing poor service, as evidenced by Yelp and Better Business Bureau reviews of Rinse.  By comparison, Life Without Laundry had excellent reviews, as did most of the "mom and pop" stores.

Rinse knowingly, purposely and fraudulently engaged in this campaign.  It used coding "local business" schema meant to identify Rinse's mom-and-pop competitors as 'local affiliates' of Rinse so that Google and other search engines would mis-identify them as local branches of

Rinse.  Each subpage falsely identifying each small competitor was even named a "SEO Competitor Page."

Rinse identified Life Without Laundry as a laundromat in Boston. Rinse used Life Without Laundry's registered mark to mis-identify it and misappropriate its goodwill.  Rinse's infringement facilitated customer confusion and misleading search results.  Over time, Rinse stole innumerable leads from Life Without Laundry, leading to mounting actual damages and lost profits to Life Without Laundry.  Rinse also wrongfully became an industry leader in dry cleaning and delivery services through industry-wide infringement of marks and false advertising.

Life Without Laundry and innumerable mom-and-pop stores have been victimized by Rinse's intentionally deceptive campaign.  For this reason, Life Without Laundry seeks lost profits, actual damages, exemplary, trebled, statutory, and punitive damages in this case.  Life Without Laundry contends its damages are in excess of $30,000,000, or in an amount to be proven at trial.

## PARTIES

1.    Life Without Laundry is a Massachusetts limited liability company with its principal place of business located at 602 Washington St, Dedham, Massachusetts. Life Without Laundry is a pickup and delivery-based laundry and dry-cleaning service that caters to customers in Boston, Massachusetts and Los Angeles, California.

2.    Upon information and belief, Rinse is a corporation organized under Delaware law, with its principal office of business located at 1000 Brannan St., Suite 100, San Francisco, California. Rinse is a laundry and dry-cleaning pickup and delivery service. Rinse markets and sells its

services in Massachusetts, California and other cities in the United States through the Rinse.com

website ("Website").

**JURISDICTION AND VENUE**

3.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§

1331 and 1338(a) and (b), and has supplemental jurisdiction over the state law and common law

causes of action pursuant to 28 U.S.C. § 1367.

4.     This Court has personal jurisdiction over Rinse because Rinse does business in

Massachusetts, and upon information and belief, markets and sells infringing services in

Massachusetts.

5.     Venue is proper under 28 U.S.C. § l391(b) and (c).

**INTRODUCTIONS, FACTS AND ANALYSIS**

Life Without Laundry, Its Services and Intellectual Property

6.     Since first entering commerce in 2009, Life Without Laundry has used the very same

name and has developed a strong reputation for excellent pick-up and delivery laundry and dry-

cleaning services, particularly in the Boston, Massachusetts and Los Angeles County, California

markets. Life Without Laundry does not operate brick-and-mortar laundromats or dry cleaners

available to the public.

7.     To protect the substantial goodwill associated with its services, Life Without Laundry

filed a section 1(b) trademark application on September 24, 2010, for the "Life Without

Laundry" service mark, in connection with "laundry pick-up and delivery services." A

registration certificate was issued on September 18, 2012. (Registration No. 85137517)

("Registered Mark").  The Registered Mark has since been acknowledged as incontestable.

8.    Life Without Laundry first used the Registered Mark in commerce on October 12, 2009, and has been using it in commerce continuously since then.

<u>Rinse's Service and Infringement of the Registered Mark</u>

9.    Rinse markets and sells its pick-up and delivery laundry and dry-cleaning services in Boston, Massachusetts, Los Angeles, California, and other cities in the United States through its Website.

10.    Rinse and Life Without Laundry are direct competitors providing delivery of laundry and dry cleaning.

11.    Rinse engaged in unauthorized use of the Registered Mark, in its entirety, in connection with pickup and delivery laundry and dry-cleaning services.

12.    Commencing in late-2020, Rinse began using the LIFE WITHOUT LAUNDRY MARK with the specific intent of misleading the public about the nature of Life Without Laundry's services, and with the intent to misappropriate Life Without Laundry's customers, prospective customers, and goodwill.

13.    Specifically, in or about September 2020, Rinse began listing "Life Without Laundry" on its Website.

14.    Rinse also uses or used "Life Without Laundry" in its local business schema, to deceive search engines into categorizing Life Without Laundry as a local affiliate of Rinse.

15.    When a Website user clicks or clicked on the link for "Life Without Laundry," he or she is or was taken to a page stating, "Life Without Laundry is a  Laundromat in Boston, 02116" https://www.rinse.com/laundry/boston/laundromat/life-without laundry/ ("Boston Life Without Laundry Rinse Page"). The user can or could "schedule a pickup" on this page, which suggests

or suggested to the users in the 02116 ZIP code that Rinse will or would take their laundry to a nearby "laundromat" named "Life Without Laundry."  In fact, Life Without Laundry does not operate a laundromat or dry cleaner but only a delivery service.

16.    Rinse's reviews on Yelp! and the Better Business Bureau are woefully bad. To make up for its poor reputation with consumers, Rinse trades on the goodwill of its competitors by misusing the trademarks of hundreds of Rinse's competitors on its Website.

17.    Rinse has deceptively misused such trademarks beginning in late-2020.

18.    This deceptive misuse includes or included Life Without Laundry's Registered Mark, where Rinse urges or urged customers to "arrange a pickup" on pages that use or used the Registered Mark and/or the specific names of laundromats and dry cleaners to suggest that Rinse would deliver and pick up dry-cleaning and laundry services from laundromats and dry cleaners:



19.    The Website user is or was clearly urged to quickly arrange a delivery through Rinse to Life Without Laundry's non-existent "laundromat" in ZIP code 02116 by using a prominently placed "schedule a pickup" button.

20.    When a user clicks or clicked "Pickup" on the Boston Life Without Laundry Rinse Page, they are or were taken to Rinse's customer sign up page.

21.    Users who then attempt or attempted to arrange a "pickup" in conjunction with who they believe or believed to be Life Without Laundry or other listed service providers are or were taken directly to Rinse's customer sign up page:



22.    In addition to evidence of actual confusion, Rinse's use of Life Without Laundry's exact Registered Mark on its Website, its misleading use of schemas, its use of Life Without Laundry's Registered Mark to divert scheduled pick-ups to Rinse, and Rinse's misleading Website layout establish a likelihood of confusion.

23.    Life Without Laundry has established multiple instances of actual confusion resulting from Rinse's aforesaid practices, including calls asking, "are you Rinse?"

24.    It is extremely disparaging for Life Without Laundry's brand to be intentionally conflated with Rinse. Rinse has terrible customer reviews while Life Without Laundry's reviews are exceptional.

25.    Rinse systemically conflates its brand with local laundromats, dry cleaners, and laundry delivery services to misappropriate their goodwill. Tellingly, Life Without Laundry had a 4.7 star ranking whereas Rinse had a 3.2-star ranking on Yelp.

26.    Rinse is not accredited with Better Business Bureau due to its failure to respond to complaints.

27.    Rinse uses or used the Registered Mark in connection with laundry and dry-cleaning services for the express purpose of trading on Life Without Laundry's delivery service and third party laundromats and dry cleaner's well-known and respected brands.

28.    Rinse's infringing use of the Registered Mark in connection with laundry and dry-cleaning and delivery services is or was calculated to imply, falsely, that it provides its services through or in conjunction with Life Without Laundry.

<u>Rinse's False Advertising and Unfair Competition Practices</u>

29.    Rinse has engaged in false advertising and unfair competition in connection with pickup and delivery of laundry and dry-cleaning.

30.    As a result of the practices alleged herein, Rinse built up a continuing customer base premised on false representations regarding an association between Rinse, on the one hand, and Life Without Laundry and innumerable Rinse competitors, on the other hand.

31.    Beginning in late-2020, Rinse uses or used the Registered Mark on its Website, listing Life Without Laundry as a laundromat in Boston.

32.  Rinse also uses or used Life Without Laundry's Registered Mark in its "local business" schema to falsely represent to search engines and customers that Life without Laundry is affiliated with Rinse and is a brick-and-mortar laundromat where Website users can arrange laundry and dry-cleaning services to be performed and later delivered by Rinse.

33.  Rinse's use of the Registered mark on its Website and in its "local business" schema has misled search engines and has generated inaccurate results on Google.

34.  By falsely suggesting to search engines that numerous of its competitors are but specific locations for Rinse, Rinse has both misled search engines to identify competitors as local Rinse outlets in search results, and has generated artificially high rankings for Rinse in search results.

35.  Upon searching for "life without laundry boston," one of the top three Google results falsely indicates or indicated that Life Without Laundry is a brick-and-mortar location in Boston serving Rinse delivery customers:



36.  Local business schemas are meant to tell a search engine what Rinse's business is and what it offers (Per Google's guidelines: "A particular physical business or branch of an organization. Examples of Local Business include a restaurant, a particular branch of a restaurant chain, a branch of a bank, a medical practice, a club, a bowling alley, etc.").

37.  Rinse engages or engaged in industry-wide deception and misappropriation of third-party goodwill, as Rinse has no affiliation with competitors it falsely suggested on the text of its Website, and through the misleading use of schema as its affiliates. As if to drive home the point, Rinse's own code on the Life Without Laundry Boston Rinse Page describes or described it as "SEO Competitor Page":





38.    Rinse's Website also specifically misrepresents or misrepresented and falsely advertises or advertised to visitors that Life Without Laundry is affiliated with and performs services for Rinse. The Website's home page describes its services as "The Smartest Way to Do Laundry. Rinse picks up, cleans and delivers your laundry and dry cleaning."



39.    Rinse suggests or suggested that the laundromats and dry cleaners it works with are found at the bottom of its home page under lists identified as "Dry Cleaning" and "Laundry." Each list identifies or identified links for Boston and Los Angeles Dry Cleaning and Laundry. The links lead or led users to further pages and links which ultimately and misleadingly present or presented Life Without Laundry and other third-party services providers as affiliates of Rinse.

40.    When Rinse home page users click or clicked on the Dry Cleaning – Los Angeles Dry

Cleaning Link at the  bottom of the page, they are or were taken to Rinse's "Los Angeles Dry

Cleaning Delivery Service" page  at https://www.rinse.com/dry-cleaning/los-angeles/.  This

page states or stated "Rinse offers convenient dry-cleaning pickup and delivery in Los Angeles."





41.   The Website lists or listed numerous Los Angeles City neighborhoods and neighboring jurisdictions under the heading "Neighborhoods we serve in Los Angeles" under which there is or was another heading for "Venice" with a link for "Dry cleaning / Laundry" beneath it.



42.    When a user clicks or clicked the link, they are or were taken to a page listing Life

Without Laundry as a dry cleaner in Marina del Rey, CA. https://www.rinse.com/dry-

cleaning/los-angeles/venice ("LWOL Los Angeles Rinse Page").



43.    Rinse misleads or misled Website visitors to believe both that Life Without Laundry is

an affiliate of Rinse and that it is a dry cleaner with a brick-and-mortar location as opposed to a

laundry and dry-cleaning delivery service.

44.    Rinse's "Boston Laundry Delivery Service" lists or listed "Life Without Laundry" under

a heading that states, "Laundry services near me in Boston."



45.    When a user clicks or clicked on that link, he or she is or was taken to a page stating, "Life Without Laundry is a Laundromat in Boston, 02116," the Life Without Laundry Rinse Page.

46.    The user can or could "schedule a pickup" on this page, which suggests or suggested to the users in 02116 ZIP code that Rinse would take their laundry to the nearby "laundromat" named "Life Without Laundry."



47.    While fine print on this page suggests or suggested that Life Without Laundry is independent, the user is or was clearly urged to quickly arrange a delivery through Rinse to Life Without Laundry's non-existent "laundromat" in ZIP code 02116, using a prominently placed "schedule a pickup" button.

48.    When a user clicks or clicked "Pickup" on the Boston Life Without Laundry Rinse Page they are or were taken to Rinse's customer sign up page:



49.    Because Rinse's website states or stated, "Life Without Laundry is a Laundromat in Boston, 02116," such misdescription appears or appeared in search results for "Life Without Laundry Boston":



50.   Rinse's misleading use of Life Without Laundry's Registered Mark on its Website, in its schema, and in search results constitute both trademark infringement and independently unfair and deceptive.

51.   Rinse misidentifies or misidentified innumerable competitor laundromats and dry cleaners as affiliates in the same manner.

52.   Rinse's industry-wide misrepresentations are or were intentional.  An article promoting Rinse on uschamber.com (a publication of the United States Chamber of Commerce) on January

17, 2024 entitled, "How Laundry Disruptor Rinse Supports Small Brick-and-Mortar Businesses as it Grows at a Fast Clip" states:

a. ". . . local brick-and-mortar cleaners have struggled amid rising property rates."

b. "Often it's tricky to find a time to drop off dirty clothes when laundromats are open only during traditional business hours.  It's unclear when laundry will be ready, and it's difficult to find a good time to pick it up."

c. "Rinse is helping to streamline and improve how customers get their laundry done by partnering with local brick-and-mortar cleaners across the country, rather than driving them out of business, its founders said."

d. "During one chat, [Rinse founder] Joun shared how his parents' store had become less busy over the last several years.  He was mulling over how to help his family.  "All the bells went off for me," said Prakash.  "This was an old-school industry with a lot of customer friction."

e. "[Founders Prakash and Joun] conducted interviews to learn about peoples' frustrations with getting laundry done. A common theme was not having a trusted brand—many customers just used the closest service. People also lamented a lack of transparency and accountability."

f. "[Founders] envisioned a business model that would help mom-and-pop cleaners struggling with rising rents."

g. "There are a lot of really good cleaners out there. We let them do what they do best, clean clothes, while we manage customer acquisition, deploy technology to

cleaning partners, and help them to grow their business." Quote attributed to

Ajay Prakash, Co-founder, Rinse.

(See Exhibit "A.")

53.   On information and belief, Rinse falsely identifies or identified the vast majority of

other dry cleaners and laundromats as affiliates without their affiliation, knowledge, or consent.

Life Without Laundry was never contacted to act as an "affiliate," and never gave its consent.

54.   After receiving a cease-and-desist letter in this matter, Rinse appears to have removed

all names of third party dry cleaners and laundromats from its Website.

55.   On information and belief, the US Chamber of Commerce Article was placed in

coordination with Rinse as a public relations and marketing effort by Rinse.  The article

indicates the author interviewed Rinse's founders, Ajay Prakash and James Joun, and quoted

them.

56.   The article served to intentionally reinforce Rinse's Website misrepresentations

regarding Rinse's purported affiliation with almost every laundromat and dry cleaner in the

areas it served.

57.   Rinse's founders used a story about a founder Ajay Prakash growing up in the laundry

business to engage in industry-wide misrepresentation about others in an industry he claimed to

care so much about.  The vast majority of "mom and pop" laundromats and dry cleaners that the

Rinse Website suggest or suggested were 'affiliates' working on Rinse deliveries never worked

with Rinse or received customer orders directed to them on the Rinse Website.

58.   Rinse's infringing use of the Registered Mark on its Website and in its "local business"

schema also constitute both false advertisement and unfair competition.

59.    By using deceptive schema, "pickup" subpages on the Rinse Website using countless "mom and pop" trademarks of its competitors, search engine optimization in contravention of Google and other industry standards, and intentionally misleading public relations efforts, Rinse surpassed Life Without Laundry as the industry leader in laundry and dry cleaning pickup and delivery.  Life Without Laundry would be the industry leader were it not for these unlawful, fraudulent and deceptive acts, as it was a prior entrant, a prior trademark registrant, and provided superior service.

**COUNT I (False Designation of origin, false description — 15 U.S.C. §1125(a))**

60.    Life Without Laundry realleges and incorporates by reference each foregoing paragraph as if fully set forth herein.

61.    Defendant, without the consent of Life Without Laundry, has used, and/or is using, in commerce Life Without Laundry's Registered Mark in connection with the sale and offering of pickup and delivery laundry and dry-cleaning services, which use has and is likely to cause confusion.

62.    Upon information and belief, Defendant had actual knowledge of Life Without Laundry's ownership and prior use of the Registered Mark and, without consent of Life Without Laundry, has used, and/or is using, the Registered Mark with the intent to trade upon Life Without Laundry's reputation and goodwill by causing confusion and mistake among customers and the public, and by deceiving them.

63.    Defendant's acts constitute trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §l125(a).

64.    Defendant's acts are intentional, willful and in bad faith.

65.     The aforesaid acts of Defendant have caused and are causing irreparable harm and damage to Life Without Laundry, and unless preliminary and permanently restrained by this Court, said irreparable injury will continue.

66.     Life Without Laundry has no adequate remedy at law.

## COUNT II (Federal Unfair Competition, False Designation of Origin and False Advertising—15 U.S.C. §1125(a))

67.     Life Without Laundry realleges and incorporates by reference each foregoing paragraph as if fully set forth herein.

68.     The aforesaid acts of Defendant constitute the intentional use of words, terms, names, symbols and devices and combinations thereof, false designations of origin, and false and misleading representations of fact that were and/or are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Life Without Laundry, or as to the origin, sponsorship or approval of Defendant's services.

69.     The aforesaid acts of Defendant constitute the use of words, terms, names, symbols and devices and combinations thereof, false designations of origin, and false and misleading representations of fact that in commercial advertising or promotion, misrepresent the nature, characteristics or qualities of Defendant's services or other commercial activities.

70.     The aforesaid acts of Defendant constitute false designation of origin, false and misleading descriptions and representations, federal unfair competition and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

71.    The aforesaid acts of Defendant have caused, and are causing, great and irreparable harm and damage to Life Without Laundry, and unless preliminarily and permanently restrained by this Court, said irreparable injury will continue.

72.    Life Without Laundry has no adequate remedy at law.

### COUNT III (Federal Trademark Infringement—15 U.S.C. §1114)

73.    Life Without Laundry realleges and incorporates by reference each foregoing paragraph as if fully set forth herein.

74.     Defendant, without the consent of Life Without Laundry, has used in commerce marks confusingly similar and/or identical to Life Without Laundry's Registered Mark, which is federally registered, in connection with the sale and offering of pickup and delivery laundry and dry-cleaning services, which use has and is likely to cause confusion, or to cause mistake or to deceive.

75.    Defendant's acts constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114.

76.    Defendant's acts are intentional, willful and in bad faith.

77.    The aforesaid acts of Defendant have caused, and are causing, great and irreparable harm and damage to Life Without Laundry, and unless preliminarily and permanently restrained by this Court, said irreparable injury will continue.

78.    Life Without Laundry has no adequate remedy at law.

### COUNT IV (Common Law Unfair Competition)

79.    Life Without Laundry realleges and incorporates by reference each foregoing paragraph as if fully set forth herein.

80.    Defendant's aforesaid acts are a violation and derogation of Life Without Laundry's common law rights and were and/or are likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of Defendant's services, and Defendant's aforesaid acts were and/or are likely to cause confusion, mistake and deception among consumers and the public as to Defendant's affiliation with or sponsorship by Life Without Laundry of Defendant's aforesaid acts.

81.    Defendant's aforesaid acts have and continue to cause loss, damage and injury to Life Without Laundry and to the purchasing public.

82.    Defendant knows, or in the exercise of reasonable care should know, that its conduct has likely mislead the public.

83.    The foregoing conduct by Defendant has been knowing, deliberate, willful, intended to cause mistake or to deceive, and in disregard of Life Without Laundry's rights.

84.    Defendant's wrongful acts, as alleged above, have permitted or will permit it to make substantial sales and profits on the strength of Life Without Laundry's good reputation, advertising, sales and consumer recognition.

85.    As a direct and proximate result of Defendant's wrongful conduct, as alleged above, Life Without Laundry has been and will be deprived of substantial sales of services in an amount as yet unknown but to be proved at trial, and has been and will be deprived of the value of its registered trademarks and brand in an amount as yet unknown, but to be determined at trial.

86.    The aforesaid acts of Defendant constitute unfair competition in violation of common law.

87.   The aforesaid acts of Defendant have caused and are causing irreparable harm and damage to Life Without Laundry, and unless preliminarily and permanently restrained by this Court, said irreparable injury will continue.

88.   Life Without Laundry has no adequate remedy at law.

89.   In the alternative, to the extent that this Unfair Competition Claim is determined to be subsumed within the cause of action under Count V below, each of the underlying factual allegations of misconduct herein are incorporated under Count V as if set forth fully therein insofar as they are construed as providing additional bases for the statutory violation of unfair competition under Chapter 93A below.

## COUNT V (Violation of Mass. Gen.  Laws c. 93A, §11)

90.   Life Without Laundry realleges and incorporates by reference each foregoing paragraph as if fully set forth herein.

91.   Rinse is a "person" engaged in trade or commerce within the meaning of M.G.L. c 93A, § 11 in the Commonwealth of Massachusetts.

92.   Rinse has committed unfair methods of competition and unfair and/or deceptive acts or practices in trade or commerce by knowingly and willfully making and publishing false, misleading and unfair statements, representations, and impressions about Life Without Laundry and itself.

93.   Rinse has committed unfair methods of competition and deceptive acts or practices in trade or commerce by using marks that are confusingly similar and/or identical to the marks used by Life Without Laundry.

94.    Rinse has committed unfair methods of competition and deceptive acts or practices in trade or commerce by wrongfully interfering with Life Without Laundry's contractual and/or prospective advantageous business relations.

95.    Such actions constitute unfair and deceptive acts in trade or commerce in violation of Mass. Gen. Law 93A.

96.    Rinse's unfair methods of competition and unfair and/or deceptive acts and practices in trade or commerce have caused, and continue to cause, Life Without Laundry to suffer financial, reputational, and competitive damage in an amount to be determined at trial, including but not limited to, loss of money, loss of future and past sales, and harm to reputation.

97.    Rinse's methods, acts and practices as alleged herein resulting in violations of Mass Gen. Law c. 93A occurred primarily and substantially in the Commonwealth of Massachusetts. Plaintiff is headquartered here, the alleged representations and relevant conduct by Defendant was primarily directed here, and Rinse's relevant business conduct was primarily and substantially felt and occurred here.

98.    Rinse's unfair methods of competition and deceptive acts and practices in trade or commerce will continue to injure Life Without Laundry unless enjoined.

99.    Rinse's unfair and deceptive acts and practices in trade or commerce have been willful or knowing, and/or performed with reckless disregard of applicable law, all within the meaning and violation of M.G.L. c 93A, §§ 2, 11.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, Life Without Laundry, Inc. prays for judgment in its favor and against Defendant Rinse, Inc. d/b/a Rinse, and requests that:

A.    Judgment enter in its favor and against Defendant on each Count of the Complaint;

B.    Defendant be adjudged to have infringed the Registered Mark and that such infringement be adjudged to have been willful;

C.    Life Without Laundry be awarded its actual damages in an amount to be proven at trial;

D.    Life Without Laundry be awarded its lost profits in an amount to be proven at trial;

E.    Rinse's past and future profits during the relevant period be disgorged to Life Without Laundry;

F.    Life Without Laundry be awarded treble damages pursuant to 15 U.S.C. § 1117 (b) and Life Without Laundry recovers treble damages as a result of Rinse's violation of Mass. Gen. Laws c. 93A because of, inter alia, the willful and knowing nature of Defendant's acts;

G.    Life Without Laundry be awarded $2,000,000 in statutory damages for counterfeiting pursuant to 15 U.S.C. § 1117 (c) because of the willful nature of Defendant's acts;

H.    That an injunction be entered requiring Rinse to make corrective advertising on its website and in appropriate traditional media and social media channels;

I.    Life Without Laundry be awarded prejudgment interest;

J.    Life Without Laundry be awarded its costs, attorneys' fees, and expenses in this suit pursuant to 15 U.S.C. § 1117 (a), Mass. Gen. Law c. 93A.;

K.      Defendant, and each of its officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them, be preliminarily and permanently enjoined and restrained from:

(1)     using in connection with advertising, promotion or otherwise the Registered Mark in conjunction with pickup and delivery laundry and dry-cleaning services or any variations thereof that are confusingly similar to Plaintiff's Registered Mark.

(2)     representing by any means whatsoever, directly or indirectly, or doing any other act or things calculated or likely to cause confusion, mistake or to deceive consumers into believing that Defendant's services are those of Life Without Laundry, or that there is any affiliation or connection between Life Without Laundry or its services and Defendant or its services, and from otherwise unfairly competing with Plaintiff;

(3)     causing to be advertised, published or disseminated by any means any false or misleading representations as to the existence of any relationship between Defendant and Life Without Laundry or between any services of Defendant and any services of Life Without Laundry;

L.      Life Without Laundry recovers its damages sustained as a result of Defendant's infringement, unfair competition and false designation of origin under federal, state and common law, together with an accounting of Defendant's profits arising from such activities, and that the Court exercise its discretion and enter a judgment for such additional sums as the

Court shall find to be just, according to the egregious, willful and intentional nature of the acts of Defendant;

      M.     Defendant be required to: (1) recall from any and all channels of trade, any and all advertising or promotional materials using the Registered Mark in connection with pickup and delivery laundry and dry-cleaning services or any variations thereof that are confusingly similar to Plaintiff's Registered Mark, and to take affirmative steps to dispel any false suggestion of a connection to Life Without Laundry by virtue of its activities, including, but not limited to, all necessary and appropriate corrective advertising measures;

      N.     Life Without Laundry recovers its costs and disbursements herein; and

      O.     Life Without Laundry be awarded such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

   Life Without Laundry requests a trial by jury on all issues so triable.

Date: August 22, 2025

                          Respectfully submitted,
                          The Plaintiff,
                          **LIFE WITHOUT LAUNDRY, LLC.**
                          By its attorneys,

                          */s/ Benjamin Lajoie*
                          Benjamin Lajoie, BBO# 693715
                          NELSON MULLINS, RILEY & SCARBOROUGH LLP
                          One Financial Center, Suite 3500
                          Boston, MA 02111
                          617.217.4609
                          benjamin.lajoie@nelsonmullins.com

Julianne Landry, BBO# 714356
NELSON MULLINS, RILEY & SCARBOROUGH LLP
One Financial Center, Suite 3500
Boston, MA 02111
617.217.4622
julianne.landry@nelsonmullins.com

Justin Sobodash (*Pro Hac Forthcoming*)
LAW OFFICE OF JUSTIN SOBODASH, P.C.
8335 West Sunset Blvd., Suite 366
West Hollywood, California 90069
Telephone: 310.729.2184
Email: justin@sobodashlaw.com