# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LIFE WITHOUT LAUNDRY, LLC,

        Plaintiff,

    v.

RINSE, INC.,

        Defendant.

Civil Action No. 1:25-cv-12339

**PLAINTIFF'S INITIAL DISCLOSURES
PURSUANT TO  FED. R. CIV. P 26(a)(1)**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26.2, Plaintiff Life Without Laundry, LLC ("Plaintiff" or "LWL") discloses the following information. Plaintiff reserves the right to supplement these disclosures as necessary.

The information contained in these initial disclosures is based on information reasonably available to LWL to date.  LWL's search for additional documents and information that may support its claims is ongoing, and therefore it does not represent that it has identified every witness, document, or thing it ultimately may use to support its claims and expressly reserve the right to supplement, amend, or clarify these disclosures pursuant to Federal Rule of Civil Procedure 26(e) in light of further discovery and investigation.

LWL's disclosures are made without waiver of or prejudice to: (1) any objections it may have to the production of documents or individuals for examination, answers to interrogatories, or any other form of discovery or evidence; (2) its right to object to the use of any information disclosed herein for any purpose, in whole or in part, in any proceeding in this action or in any other action or proceeding; (3) its right to designate and maintain any information, document, or

4901-0534-5183 v.1

thing as confidential; or (4) its right to object on any and all proper grounds to any inspection, demand, or discovery request or proceeding involving or relating to the subject matter of these disclosures, even if directed to the subject matter described herein. These disclosures are made without waiver of or prejudice to any objections, privileges, or protections, including attorney-client privilege and work product doctrine.

**A.      Individuals likely to have discoverable information that Plaintiff may use to support its claims.**

Based on information available at this time, Plaintiff identifies the following individuals who are likely to have discoverable information that Plaintiff may use to support its claims:

1.      Alex Burns – C/O Counsel, Francis Powell, Nelson Mullins Riley & Scarborough LLP, One Financial Center, Suite 3500. Boston, MA  02111, (617) 217-4700 - Owner, Life Without Laundry, LLC.  Knowledge regarding Plaintiff's business operations, marketing, customer interactions, damages, and discovery of Defendant's conduct.

2.      Chris Walsh – C/O Counsel, Francis Powell, Nelson Mullins Riley & Scarborough LLP, One Financial Center, Suite 3500. Boston, MA  02111, (617) 217-4700 - Representative of Life Without Laundry.  Knowledge regarding business operations, customer communications, and discovery of Defendant's conduct.

3.      Customers of Life Without Laundry (names to be identified).  Individuals who experienced confusion regarding Plaintiff's services and Defendant's webpages.

4.      Alex Wahnsiedler – 5960 W Pico Blvd., Los Angeles, CA 90035, ███████ - Owner, Love Laundry - Third-party business owner with knowledge regarding similar competitor-related webpage practices and potential industry impact.

5. Vardan Kostanyan - 11401 Victory Blvd., North Hollywood, CA 91606, ███████ ███ - Third-party business owner with knowledge regarding similar competitor-related webpage practices and industry impact.

6. LWL hereby adopts and expressly incorporates those witnesses who Defendant has identified in its Rule 26(a)(1) disclosures.

7. LWL reserves the right to call any employee of Defendant as a witness.

8. LWL reserves the right to call any expert witness(es) to support its claims.

9. LWL reserves the right to call additional witnesses in rebuttal to Defendant's evidence.

10. LWL reserves the right to supplement/amend these disclosures as discovery progresses.

**B.    Documents and tangible things that Plaintiff may use to support its claims.**

Plaintiff may use the following categories of documents, electronically stored information, and tangible things to support its claims:

1. Screenshots and captures of Defendant's webpages referencing Plaintiff.

2. Archived webpage data (including Wayback Machine captures).

3. Customer communications evidencing confusion (including text messages, emails, and voicemails).

4. Plaintiff's business records, including financial and operational data relevant to damages.

5. Communications relating to Plaintiff's discovery of Defendant's conduct.

6. Publicly available materials, including Defendant's website content, PR materials, and statements.

3

7.      Expert reports and analyses (to be disclosed pursuant to the Court's scheduling order).

8.      All documents identified in Defendant's Initial Disclosures.

9.      Plaintiff reserves the right to supplement these disclosures and to rely upon documents produced by Defendant during discovery, including those identified in Defendant's Rule 26 disclosures.

**C.      Plaintiff's Computation of Each Category of Damages.**

Plaintiff seeks damages including, but not limited to:

1.      Lost revenue and business opportunities.

2.      Harm to Plaintiff's brand, goodwill, and market position.

3.      Costs associated with addressing customer confusion and mitigating harm

4.      Disgorgement of Defendant's profits attributable to the alleged conduct

5.      Statutory and enhanced damages under Massachusetts General Laws Chapter 93A

6.      Attorneys' fees and costs

This claim is dependent upon expert input and/or testimony and, therefore, cannot be liquidated at this point. Plaintiff reserves the right to have a damages expert analyze and calculate its losses in this regard.  Plaintiff's damages analysis is ongoing and will be supplemented as discovery progresses.

These disclosures will be supplemented as necessary in accordance with Fed. R. Civ. P 26 as additional information becomes available.  Plaintiff reserves all objections with respect to the admissibility of its preliminary disclosures and the matters contained herein.  By making these disclosures, Plaintiff does not represent that it is identifying every document, tangible thing, witness, or element of damages possibly relevant to this lawsuit.  Plaintiff's disclosures represent

4

a good faith effort to identify information it reasonably believes is discoverable and is relevant to the factual disputes between the parties.  Plaintiff reserves the right to correct, amend, revise, and/or supplement these disclosures as necessary and as the case progresses.

**D.      Insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment.**

Plaintiff is unaware of any insurance agreement that may be liable to satisfy a part or all of the judgment in this action.

Respectfully submitted,

**LIFE WITHOUT LAUNDRY, LLC,**

By its Attorneys,

*/s/ Franics R. Powell*
Francis R. Powell (BBO #641325)
Benjamin Lajoie (BBO# 693715)
francis.powell@nelsonmullins.com
benjamin.lajoie@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA  02111
(617) 217-4700

Malcolm S. McNeil*
malcolm@mcneillozanolaw.com
McNeil Lozano Law, PC
12300 Wilshire Boulevard, Suite 415
Los Angeles, CA  90025
(310) 985-3002

*Admitted Pro Hac Vice

Dated: April 8, 2026

5

4901-0534-5183 v.1

## CERTIFICATE OF SERVICE

I, Francis R. Powell, hereby certify that on April 8, 2026, a copy of the foregoing was served upon the following counsel of record by electronic mail:

Andrea Calvaruso*
Lauren E. Schadt*
acalvaruso@kelleydrye.com
lschadt@kelleydrye.com
Kelley Drye & Warren LLP
Three World Trade Center
175 Greenwich Street
New York, NY  10007
*Admitted Pro Hac Vice*

John L. Strand (BBO# 654985)
John W. Custer (BBO #705258)
jstrand@wolfgreenfield.com
jcuster@wolfgreenfield.com
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA  02210


/s/ Francis R. Powell
Francis R. Powell (BBO #641325)

6

4901-0534-5183 v.1